**WO**                NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Mobley, | No. CV-14-02052-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Mayo Clinic Rochester, *et al.*, | |
| Defendants. | |

At issue are Defendants Mayo Clinic Rochester's and Mayo Clinic Arizona's Motion for Sanctions against Plaintiff Eric Mobley (Doc. 70), to which Plaintiff has filed a Response (Doc. 79) and Defendants have filed a Reply (Doc. 81); and Plaintiff's Motion to Compel (Doc. 96), to which Defendants have filed a Response (Doc. 98).

**I.     Defendants' Motion for Sanctions**

This Court entered an order on July 1, 2015, requiring all parties to personally appear for a settlement conference at 9:30 a.m. on August 26, 2015 before United States Magistrate Judge John A. Buttrick. (Doc. 49.) The Court explained in detail its reasoning for requiring in-person participation by the parties and made that expectation clear:

> This Order mandating the physical appearance of the parties, corporate representatives and insurers is intended to increase the efficiency and effectiveness of the Settlement Conference by reducing the time for communication of offers and expanding the ability to explore the varied options for settlement, give the adverse parties the opportunity to hear the rationale and arguments regarding the likelihood of success of the claims/defenses directly from the lawyers who will be trying the case, meet

> the litigants themselves, and hear first-hand the candid comments, if any, made by the Settlement Judge about the case or the judicial process.
>
> Years of experience has taught the undersigned that the physical presence, rather than the availability by telephone, of those individuals with the authority to settle cases substantially increases the likelihood of settlement and leads to more meaningful negotiations.
>
> Consequently, pursuant to the authority granted to the Court in, among others, 28 U.S.C. §473(b)(5) and Rule 16(b), FED.R.CIV.P., the parties and representatives of the parties with "full and complete authority" to discuss settlement of the case **SHALL** physically appear at the date and time of the Settlement Conference unless expressly excused by the undersigned by timely motion and order issued prior to the subject settlement conference for good cause shown.

(Doc. 49 at 2) (footnote omitted). In that same order, the Court required the parties to exchange Settlement Conference Memoranda and to provide a copy to Judge Buttrick at least five business days before the Settlement Conference. (Doc. 49 at 4.)

On August 18, Plaintiff contacted Defendants' counsel seeking her agreement to postpone the settlement conference set for the following week. (Doc. 70 at 2.) Defendants' counsel informed Plaintiff that Defendants were without authority to extend the settlement conference as it was set by the Court's Order. (Doc. 70 at 2.) The following day, Plaintiff advised Defendants' counsel that he would be moving the court for a "settlement conference deadline date extension." (Doc. 70 at 2.) Plaintiff never filed such a motion. He apparently contacted the court clerk's office and made several verbal requests to the clerk to postpone or vacate the hearing. (Doc. 70 at 9.) But settlement conferences and other court hearings can only be adjusted by the Court when the parties follow the rules and file motions to do so. That did not happen here, and the clerk's office correctly rejected the verbal requests, advising Plaintiff that he would have to be present for the August 26 settlement conference unless he filed a motion to continue or vacate, and the Court granted it.

Plaintiff did, however, file a "Motion for Extension of Time for Settlement Memorandum." He did this on August 25, 2015, the day before the scheduled Settlement

1  Conference, and four business days after his memorandum was due to the Court and to
2  Defendants. (Doc. 56.)
3        On August 26, 2016, Judge Buttrick convened the Settlement Conference at
4  9:30 a.m. Defendants' representative and counsel were present, but Plaintiff was not. The
5  Court attempted to reach Plaintiff for some time, and finally did so by telephone at
6  approximately 10:10 a.m. At that time, in response to questioning from Judge Buttrick,
7  Plaintiff indicated that, approximately an hour before the time scheduled for the
8  Settlement Conference, he discovered he had a childcare emergency and would be unable
9  to attend the Settlement Conference. (Doc. 70-1 at 4-5.) Plaintiff acknowledged that he
10 made no attempts to contact anyone to advise that he would not appear for the Settlement
11 Conference, claiming that he "wasn't aware exactly of how to reach someone." (Doc. 70-
12 1 at 5.) After receiving additional detail by questioning Plaintiff, Judge Buttrick
13 concluded to reschedule the Settlement Conference.
14       Defendants filed the instant Motion for Sanctions on September 29, 2015,
15 asserting that Plaintiff intentionally failed to appear for that conference, and in any event,
16 failed to notify either them or the Court when it became clear he would not attend, thus
17 resulting in wasted time and costs incurred to Defendants for their counsel's preparation,
18 as well as wasted time for Judge Buttrick. Plaintiff argued in his Response that he did not
19 deliberately absent himself from the conference. Plaintiff stated he had been on extended
20 travel to Romania from July 30, 2015 until August 24, 2015, and upon his return to
21 Phoenix, on the morning of August 25, 2015, asked his mother if she could babysit the
22 following morning so he could attend the Settlement Conference. (Doc. 79 at 3.) Plaintiff
23 states that his mother called him the morning of August 26, 2015 to tell him she was
24 having car trouble, and that he could not foresee that emergency. (Doc. 79 at 3.)
25       Federal Rule of Civil Procedure Rule 16(f) provides for the imposition of
26 sanctions because of the importance pretrial settlement conferences have in the
27 management and disposition of civil cases. *In re Novak*, 932 F.2d 1397, 1404 n.12 (11th
28 Cir. 1991) ("The value of the court's efficient management of its docket cannot be

underestimated. In particular, if the court is able to adjudicate cases efficiently, without much delay, it reduces the costs to the taxpayers and the expenses incurred by jurors, witnesses, parties, and lawyers."). Recognizing that settlement conferences are vital in assisting district courts to manage and reduce their heavy case loads, Rule 16(f) authorizes a district court to issue "any just orders . . . if a party or its attorney:

>  (A) fails to appear at a scheduling or other pretrial conference;
> 
>  (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> 
>  (C) fails to obey a scheduling or other pretrial order."

Fed. R. Civ. P. 16(f) (emphasis added).

A settlement conference order is a "pretrial order" within the meaning of Rule 16(f). *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 654 (7th Cir. 1989); *Pitman v. Brinker Intern., Inc.*, 216 F.R.D. 481, 483 (D. Ariz. 2003) ("The Court's April 10, 2003 Settlement Conference Order is a pretrial order within the meaning of Rule 16(f)."). And Plaintiff was on notice that failure to comply with the order regarding settlement conference was severely sanctionable. Paragraph 6 of Judge Buttrick's Order setting the settlement conference provided in relevant part:

> 6. Absent good cause shown, if any party, counsel or insurer's representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, including the failure to timely provide the settlement conference memoranda, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, the settlement conference may be vacated and sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(A)(ii)-(vii), Federal Rules of Civil Procedure which may also include the entry of default judgment, dismissal of the Complaint and/or an award of reasonable attorney's fees and expenses and/or a finding of contempt.

(Doc. 49 at 6.)

Defendants marshal several facts that suggest Plaintiff may well have not intended to attend the Settlement Conference on August 26. First, Plaintiff indicated to

Defendants' counsel in the week prior to the scheduled Settlement Conference that he needed more time to prepare, and he indeed sought counsel's agreement to postpone the conference. Second, Plaintiff indeed apparently sought, although in an improper manner, to postpone or vacate the settlement conference by calling the deputy clerk assigned to Judge Buttrick during the week of August 17, 2015, and was unsuccessful in doing so. Third, Plaintiff filed no settlement conference memorandum before the conference. And fourth, Plaintiff's version of events leading up to his childcare emergency on the morning of the conference are contradicted to some degree by his mother/baby sitter's deposition testimony about the same events.[1]

Even if the Court were not persuaded that Plaintiff deliberately failed to attend the settlement conference, or gave Plaintiff the benefit of the doubt on this issue, his actions, and inactions, are problematic. Sanctions may be imposed even when the disobedience of a settlement conference order is unintentional. In *Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762 (9th Cir. 2001), the Ninth Circuit upheld sanctions against a representative of the defendant who failed to appear as ordered at a mediation session. The party claimed he had an incapacitating headache and was unable to attend and the failure to appear was not intentional. *Id.* at 769. The Ninth Circuit affirmed the district court's imposition of sanctions on appeal because, as in the present case, once the representative in *Lucas* determined he could not attend, he failed to notify the court that he would not be in attendance. *Id.*

Plaintiff asserted that once he learned he would miss the settlement conference, about an hour before its scheduled start, he did not contact anyone because he "wasn't aware exactly of how to reach someone." (Doc. 70-1 at 5.) On this point, the Court finds Plaintiff's representation incredible. He had contact information for Defendants' counsel

---

[1] When questioned by Judge Buttrick by telephone on August 26, 2015, Plaintiff advised the Court that his mother's car trouble kept her from arriving to perform babysitting services, and that the car had to be towed. (Doc. 70-1 at 25.) But when questioned during her deposition about the car trouble on August 26, 2015, Plaintiff's mother, Ms. Antoinette Williamson, indicated that while her car would not start that morning, it was never towed, that she has had no work on it on or after that date, and that she has had no further problems with the vehicle since then. (Doc. 70-1 at 57-59.)

1  and knew how to get in touch with them because he had done so the prior week. And he
2  had the telephone number for Judge Buttrick's deputy clerk and knew how to get in touch
3  with her, again because he had done so multiple times the prior week. The Court finds
4  that, even if Plaintiff intended to appear at the settlement conference, once he determined
5  his child care emergency would keep him from doing so, his failure to notify anyone at
6  the Court or Defendants' counsel, coupled with his demonstrably false excuse for failing
7  to so notify anyone, merits sanction.

8  The Court concludes that a reasonable sanction is the cost to Defendants of their
9  counsel John Lomax's attendance at the settlement conference vacated due to Plaintiff's
10 absence billed to Defendants at $496.10, and the partial cost to Defendants of their
11 counsel Ashey Kasarjian's time to prepare the instant Motion for Sanctions—$534.00.
12 This represents a total sanction to Plaintiff of $1030.10. The Court will not assess
13 Plaintiff with Mr. Lomax's time to prepare for the conference, because the conference
14 ultimately took place in October, and therefore such preparation time was not entirely
15 wasted.

16 **II.     Plaintiff's Motion to Compel**

17 Plaintiff urges in his Motion to Compel disclosure that Defendants "fail[ed] to
18 properly answer" his interrogatories and to "provide production of all records for [his]
19 requests [for production]." (Doc. 96 at 4.) But as Defendants point out, nowhere does
20 Plaintiff tell this Court which interrogatories and requests for production Defendants
21 failed to sufficiently answer or respond to; nor does he inform the Court specifically what
22 is wrong, in his view, with Defendants' answers or responses that makes them
23 insufficient. Without such specific information, Defendants are unable to respond to
24 Plaintiff's Motion, and this Court is unable to evaluate Plaintiff's claims or Defendants'
25 responses thereto. While this defect might be curable by an amended motion, Plaintiff's
26 Motion has other defects that are not so curable.

27 Nearly a year ago, on June 29, 2015, this Court set a scheduling order clearly
28 notifying the parties that fact discovery would close on November 13, 2015. (Doc. 47.)

The fact discovery deadline was later extended to January 12, 2016. (Doc. 88.) Plaintiff had from September 2015, when Defendants provided their first responses to his written discovery requests, through January 12, 2016, to address any shortcomings in the responses that he perceived, and if he could not achieve satisfaction by conferring with Defendants' counsel, raising the issues to this Court. He did not do so until more than three months after the fact discovery deadline had passed. His motion is untimely.

The parties were well aware of the deadlines in this matter. And the Court warned Plaintiff at the Rule 16 Scheduling Conference in June 2015 that he was responsible for following all of the Court's Orders in this matter, including the Scheduling Order. Even if Defendants provided incomplete or otherwise deficient responses to Plaintiff's requests for written discovery—which is something no one can presently determine from the exceedingly vague assertions in Plaintiff's Motion to Compel—it is far too late for Plaintiff to raise these issues now. The Court will deny the Motion to Compel as untimely and vague.

Accordingly,

**IT IS ORDERED** granting in part Defendants' Motion for Sanctions (Doc. 70).

**IT IS FURTHER ORDERED** that Plaintiff shall pay to Defendants the sum of $1030.10 no later than ten days after entry of judgment in this matter.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Compel (Doc. 96).

Dated this 18th day of May, 2016.

_____
Honorable John J. Tuchi
United States District Judge